UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

ROSCOE BENTON, III                          Case No. 09-36642-dof
and DESI NAJUANA BENTON,                    Chapter 7 Proceeding
            Debtors.                        Hon. Daniel S. Opperman
_____/

OPINION SUSTAINING TRUSTEE'S OBJECTION TO CLAIM NO. 29
OF KENNETH M. SCOTT AND ASSOCIATE, PC, ATTORNEY AT LAW

Introduction

Kenneth M. Scott and Associate, PC, Attorney at Law ("Scott") filed a claim in the amount

of $20,000.00 for legal services regarding a criminal proceeding against Roscoe Benton, III initiated

by the United States of America. The Chapter 7 Trustee, Samuel D. Sweet, ("Trustee") objects to

this proof of claim because the agreement between Scott and Mr. Benton related to services rendered

by Scott to Mr. Benton in 2014, approximately five years after the December 14, 2009, Chapter 13

petition filed by the Debtors with this Court. Additionally, the Trustee argues that Scott did not take

any action that benefitted the bankruptcy estate. For the reasons stated in this Opinion, the Court

sustains the Trustee's Objection.

Findings of Fact

Roscoe and Desi Benton ("Debtors") filed their Chapter 13 petition because they wanted to

stop an eviction action against them in regard to their house at 5322 Jamestown Road, Grand Blanc,

Michigan. Through the course of their Chapter 13 proceeding, they were able to work out some of

their differences regarding their house, but they suffered a fire loss. They received a substantial

settlement from State Farm Fire and Casualty Company, and Ms. Benton bought a house at 5260

1

Fairway Trail, Grand Blanc, Michigan. Subsequently, the Debtors converted their Chapter 13 proceeding to a Chapter 7 proceeding. The fire loss and the subsequent purchase of a house caught the interest of the Trustee and he began an investigation of the Debtors' actions. In due course, the United States Attorney investigated this matter and obtained an indictment of the Debtors on February 19, 2014. Subsequently, Mr. Benton retained Scott to represent him in the criminal trial. The United States District Court for the Eastern District of Michigan held a trial on November 18 and 19, 2014, and Mr. Benton was convicted of three counts of bankruptcy fraud and one count of mail fraud, and Ms. Benton was convicted of two counts of bankruptcy fraud and one count of mail fraud. Both Mr. and Mrs. Benton were found not guilty of one count of bankruptcy fraud, and Ms. Benton was found not guilty of one count of bankruptcy fraud.

Scott filed its proof of claim on October 15, 2014, and the Trustee objected to this proof of claim. By agreement, the Trustee's Objection was not heard by the Court pending certain criminal proceedings and a determination of this Court as to whether the Debtors' 2009 bankruptcy petition was valid.

By early 2016, the preliminary issues with this Court and the United States District Court were resolved to the point that this Court determined that Scott and the Trustee were entitled to a hearing on the Trustee's Objection. Accordingly, the Court set the matter for hearing on April 13, 2016. On April 12, 2016, the parties signed a stipulation adjourning the April 13, 2016, hearing to April 27, 2016, and further agreed that no further adjournments of the hearing would be allowed. The Court signed an Order adjourning the hearing with that condition on April 13, 2016. As subsequently relayed to the Court, Mr. Scott was in the middle of another major criminal action and was unavailable on April 13, 2016, but believed he would be available on April 27, 2016.

Regrettably, Mr. Scott was still in court in the criminal action on April 27, 2016, so this Court held the hearing and determined that Scott should have the ability to request another hearing. Scott has not filed a request for another hearing, so the Court has concluded that this matter is ripe for a decision.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Analysis

Scott argues in its Brief that the Trustee would not have been aware of the potential for the sale of the Fairway Trail Property without Mr. Scott's involvement. Accordingly, Scott claims that it is entitled to $20,000.00 in the form of a charging lien. *Bennett v. Weitz*, 220 Mich. App. 295, 559 N.W.2d 354 (1996) and *George v. Sandor M. Gelman, P.C.*, 201 Mich. App. 474, 506 N.W.2d 583 (1993). While the retainer agreement attached to Scott's proof of claim is dated July 2014, the Trustee filed a Motion on November 4, 2013, requesting the authority to sell the Fairway Trail Property. From the proof of claim and Scott's pleadings, there is nothing in the record to suggest to the Court that Mr. Scott notified the Trustee prior to the retainer agreement, which was dated approximately one year before the Trustee sought the authority to sell the Fairway Trail Property.

Second, there is nothing in the Court's record to show that Mr. Benton had any interest in the Fairway Trail Property. The Fairway Trail Property was in Ms. Benton's name only, although it appears that the State Farm proceeds may have been used to purchase the Fairway Trail Property. Accordingly, to the extent that the sale of the Fairway Trail Property benefitted any estate, the estate

was that of Ms. Benton, not Mr. Benton. As such, Scott's proof of claim does not qualify as an administrative expense because it neither arose from a transaction with the bankruptcy estate or directly and substantially benefitted the estate. *Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman)*, 126 F.3d 811, 816 (6th Cir. 1997) and *Emp. Transfer Corp. v. Grigsby (In re White Motor Corp.)*, 831 F.2d 106, 110 (6th Cir. 1987).

The Court has also considered the post-petition nature of Scott's proof of claim. It is undisputed that Scott did not have a claim or any relationship with Mr. Benton prior to the 2009 filing of the initial Chapter 13 petition or by the October 17, 2011, conversion of their Chapter 13 proceeding to a Chapter 7 proceeding. While Scott may have a valid claim against Mr. Benton for post-petition services, this claim does not reach to the Chapter 7 estate in this case.

Finally, the Court has not authorized Scott to act as counsel for the estate or Mr. Benton, and Scott is therefore prohibited from receiving compensation from the estate without such authorization. See *Lamie v. U.S. Trustee*, 540 U.S. 526, 538-39 (2004).

Conclusion

For the reasons stated in this Opinion, the Trustee's Objection to Claim No. 29 of Kenneth M. Scott and Associate, PC, Attorney at Law is sustained. The Trustee is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

cc:     Roscoe and Desi Benton

**Not for Publication**

`Signed on May 20, 2016`

```
        /s/ Daniel S. Opperman
     Daniel S. Opperman
     United States Bankruptcy Judge
```